**LIN NI, Petitioner,**

v.

**Eric H. HOLDER, Jr.[1], United States Attorney General, Respondent.**

**No. 05–1003–ag.**

United States Court of Appeals, Second Circuit.

March 2, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Kirti Vaidya Reddy, Assistant United States Attorney; David S. Jones, Assistant United States Attorney, New York, NY, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Lin Ni, a native and citizen of the People's Republic of China, seeks review of the February 4, 2005 order of the BIA denying his motion to reopen. *In re Lin Ni*, No. A70 530 730 (B.I.A. Feb. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). We find that the BIA did not abuse its discretion in denying Ni's motion to reopen as untimely. As the BIA noted, its prior decision was issued in January 2003, but Ni did not file his motion to reopen until May 2004, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limitation for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Ni's motion did not qualify for such an exception. Indeed, we have held that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). Furthermore, the BIA correctly found that Ni failed to allege changed country conditions in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 147 (2d Cir.2008). Thus, the BIA did not abuse its discretion in denying Ni's motion to reopen as untimely, and we deny the petition for review to the extent that it challenged such determination.

■ Finally, although Ni argued in his opening brief that the BIA abused its discretion by failing to consider his eligibility to file a successive asylum application, following our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008),[2] Ni filed a supplemental brief explicitly waiving any such argument. Accordingly, we decline to consider Ni's eligibility to file a successive asylum application. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

2. In *Yuen Jin*, we held that the BIA had reasonably interpreted the Immigration and Nationality Act and its implementing regulations to require aliens who are under final orders of removal, such as Ni, to file a successive asylum application in conjunction with a motion to reopen and in accordance with the procedural requirements for filing such motions. 538 F.3d at 156.

 

For the foregoing reasons, the petition for review is DENIED.